# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Girardi, Appellant, v. Laquin Lumber Company.

*Amendments—Statute of limitations—New parties.*

1. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party, or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused.

2. Where suit was brought against the "Laquin Lumber Company, a corporation," the record cannot be amended after the statute has run, so as to name as defendants a partnership, composed of six persons, trading as the Laquin Lumber Company.

Argued March 14, 1911. Appeal, No. 72, Jan. T., 1911, by plaintiff, from judgment of C. P. Bradford Co., Sept. T., 1908, No. 460, on verdict for defendant in case of Mary Girardi v. Laquin Lumber Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before FANNING, P. J.

From the record it appeared that suit was begun against the "Laquin Lumber Company, a corporation." The cause of action arose on April 22, 1908. In February, 1911, the plaintiff made the following motion:

The plaintiff moves the court that the record in this case be amended in all particulars as it may be affected thereby by changing the designation of the defendant to the Laquin Lumber Company, a partnership composed of W. L. Barclay, C. F. Barclay, G. B. Barclay, M. F. Quinn, F. H. Quinn and F. S. Sherman, trading as copartners.

The court overruled the motion.

*Error assigned* was in overruling motion to amend.

*M. Lilley,* of *Lilley & Wilson,* with him *David E. Kaufman,* for appellant.

*Wm. Maxwell,* for appellees.

Per Curiam, May 17, 1911:

This appeal is from an order discharging a rule to amend the record by making new parties defendants after the statute of limitations had become a bar to a new action. The action was brought against the Laquin Lumber Company, a corporation. The amendment proposed was to name as defendants a partnership, composed of six persons, trading as the Laquin Lumber Company. The allowance of the amendment would have brought new parties on the record. Under the rule established by our cases this cannot be done. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused: Wright v. Copper Co., 206 Pa. 274.

The order discharging the rule is affirmed.