## DeRugeriis et al., Appellants, *v.* Brener.

Argued June 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert S. Lucarini*, for appellants.

*Raymond M. Seidel*, with him *Walton Coates*, and *High, Swartz, Roberts & Seidel*, for appellee.

OPINION BY VAN DER VOORT, J., November 13, 1975:

Appellants, plaintiffs below, appeal to this Court from a Judgment on the Pleadings entered for appellee after hearing before the Montgomery County Court of Common Pleas sitting en banc. Suit had been commenced on January 17, 1969, with defendant named as "Herbert" Brener. After the applicable statute of limitations had expired appellee, defendant below, filed an answer to the complaint in which he averred that "Stephen" Brener had been the driver of the car which was involved in the accident with the appellant's vehicle, which accident had given rise to appellants' cause of action. Upon the petition of appellants, and after the taking of depositions and a hearing, Judge David GROSHENS allowed the complaint to be amended to reflect the proper party defendant. In his answer to the amended complaint, appellee averred the bar of the statute of limitations insofar as his being

brought into the case was concerned and promptly moved for judgment on the pleadings as aforementioned.

The facts show that this auto accident occurred on February 25, 1967. At the scene that evening, immediately after the accident, the parties pulled their vehicles off the road and onto the neighboring property of one Dr. O'Neill in whose presence identifications were exchanged. The doctor noted on his scratch pad the name of Herbert Brener, and his insurance company, which piece of paper he gave to William DeRugeriis, Jr. Communication was had between Herbert Brener, father of Stephen, and William DeRugeriis, Sr., and between the senior De-Rugeriis and the Breners' insurance carrier. In the interim between these communications and the answer to the original complaint, appellants were not informed as to the true identity of the driver of the Brener vehicle.

It is axiomatic that a plaintiff must enter suit before the running of the statute of limitations. The bar of the statute of limitations operates also when a plaintiff attempts to bring in another party as defendant following the applicable statutory period. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965) makes it clear that, after the statute has run, no amendment will be permitted to change the name of the defendant from father to son, even though it is clear that plaintiff had every intention of suing the operator of the vehicle, i.e., the son. There is some similarity between *Saracina, supra,* and the instant factual situation. In both, the issue transcends a mere correction of the name of a party, for which amendment our "Rules of Civil Procedure" allow liberality. In each, a new party, the son of the owner of the car, was the driver of the allegedly offending vehicle and was the party which plaintiffs intended to sue; but in each case the owner was sued. *Saracina, supra,* prohibited a correcting amendment.

However, in *Saracina, supra,* there is no indication that the defendant concealed the true name of the driver.

We cannot know if plaintiff Saracina made every attempt to determine the true identity of the driver and in this way to implement his intention of suing the driver. In the case before us, appellee did not supply appellant-driver with the correct information as to his name; nor did his father; nor did his insurance carrier. Either intentionally or not, appellee, original defendant Herbert Brener, and their agents actively misled appellants as to who the real driver was until after the statute of limitations had run. The true identity of the driver was withheld until defendant answered the original complaint. We therefore conclude that the statute of limitations was tolled as to Stephen Brener because of the active concealment of the true name of the driver, which occurred during the period in which the applicable statutory period was running.

This disposition makes unnecessary a consideration of other issues raised by appellants.

Reversed and remanded for a new trial.

———

Dissenting Opinion by Jacobs, J.:

I must respectfully dissent.

I do not agree with the majority's holding that the statute of limitations was tolled as to Stephen Brener because I do not consider that issue to be before this Court. I would affirm the decision below allowing appellee's Motion for Judgment on the Pleadings.

In passing upon a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached thereto. *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968); *Bogojavlensky v. Logan,* 181 Pa. Superior Ct. 312, 124 A.2d 412 (1956). It may not consider depositions or other collateral evidence in such a ruling, *Bata v. Central-Penn Nat'l Bank,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007 (1967);

*Nederosteck v. Endicott-Johnson Shoe Co.*, 415 Pa. 136, 202 A.2d 72 (1964), and any reference to other material constitutes error. *Pisiechko v. Diaddorio*, 230 Pa. Superior Ct. 295, 326 A.2d 608 (1974) ; *see Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968) ; Goodrich-Amram, §1034(a)-2 (Supp. 1972).

Specifically, it has been held that in determining whether the defendant's motion for judgment on the pleadings should be allowed we must consider the complaint, the answer containing new matter *and* the reply to new matter. *Herman v. Stern*, 419 Pa. 272, 213 A.2d 594 (1965). *See Bata v. Central-Penn Nat'l Bank*, supra.

In the present case, appellee, defendant below, moved for and was granted judgment on the pleadings, after he raised the affirmative defense of the bar of the statute of limitations in new matter and appellant filed a reply thereto. The majority makes it clear that *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965), in the absence of fraud or concealment, controls under the facts of this case, appellant having brought in a new party after the statute of limitations had run. With that determination, I agree; appellant's amendment transcended a mere correction of the name of a party. *See Saracina v. Cotoia*, supra; *Miller v. Jacobs*, 361 Pa. 492, 65 A.2d 362 (1949) ; *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73 (1947) ; *DeFebbo v. Speshok*, 54 Pa. D. & C.2d 385 (C.P. Carbon 1971).

Appellee having raised a valid affirmative defense barring appellant's claim, the statute of limitations, he was entitled to judgment on the pleadings if his defense was unanswered or was inadequately answered in appellant's reply to new matter. *See Goldman v. McShain*, supra; *Ruhe v. Kroger Co.*, 425 Pa. 213, 228 A.2d 750 (1967) ; *Pisiechko v. Diaddorio*, supra; *Chivers, Jr. v. School Dist. of Mt. Lebanon*, 6 Pa. Commonwealth Ct. 622, 297 A.2d 187 (1972) ; Goodrich-Amram, §1030-5 (Supp. 1975). The sole question to be considered here is

thus whether the reply to new matter adequately overcame appellee's affirmative defense.

Appellant replied to appellee's new matter as follows: "11. Minor Plaintiff is not barred by the Statute of Limitations from bringing this action against Stephen Brener as this issue was decided by Order of the Common Pleas Court of Montgomery County dated April 3, 1973, in which the Court allowed the Complaint to be amended correcting the name of the defendant from Herbert Brener to Stephen Brener."

I cannot conclude that this reply presents an adequate answer to appellee's new matter in the form of a claim of estoppel to raise the statute of limitations by fraud or concealment, as does the majority. Although the depositions and other collateral evidence intimate such a claim, we can consider only the pleadings themselves on a motion for judgment on the pleadings,[1] *Bata v. Central-Penn Nat'l Bank,* supra.

Appellant's reply arguably answers appellee's affirmative defense in the form of a plea of res judicata, collateral estoppel or "law of the case", but it does not raise the issue of concealment or fraud. Moreover, I agree with the lower court's determination that the allegation that *is* raised by the pleadings inadequately answered appellee's affirmative defense. Neither res judicata nor collateral estoppel applies here because those doctrines relate only to final orders, decrees or judgments and the order allowing amendment of the instant complaint was clearly interlocutory, *see Posternack v. American Cas. Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966); *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963); *Creighan*

---

1. Counsel for appellant urges here, as was urged in his motion for reargument, which was denied below, that the depositions and petition to amend filed in this case should be considered in determining if appellant has answered appellee's affirmative defense. As noted herein, such consideration is inappropriate on a Motion for Judgment on the Pleadings under Pa.R.C.P. 1034.

*v. Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957) ; *Stadler, Admr. v. Mt. Oliver Borough,* 373 Pa. 316, 95 A.2d 766 (1953) ; *Thompson v. Karastan Rug Mills,* 228 Pa. Superior Ct. 260, 323 A.2d 341 (1974), and, as was correctly noted by the lower court, the ruling allowing amendment did not become the "law of the case". *See Schaffer v. Larzelere,* supra.

Even if it were assumed, *arguendo,* that appellant's reply was an attempt to incorporate the various documents relating to the order granting leave to amend, I would still not agree that appellant has adequately answered appellee's affirmative defense.

First, the Pennsylvania Rules of Civil Procedure require that fraud be averred with particularity. Pa.R.C.P. 1019(b) ; *Bata v. Central-Penn Nat'l Bank,* supra. Appellant has not done so here. Appellant's reply may only be said to raise allegations of fraud or concealment by a rather strained conclusion that reference to the Order granting leave to amend incorporated the entire proceedings related thereto. Secondly, even if incorporated, the petition for leave to amend and supporting documents do not aver fraud or concealment as a basis for tolling the statute.

The petition for leave to amend is based on the theory that the right party was in court under the wrong name. *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971). It was not claimed in the argument for amendment that a new party, Stephen Brener, should be brought into the case after the running of the statute of limitations because of a tolling of the statute by fraud or concealment. Rather, it was claimed that "Stephen" Brener was *in court* and that "Herbert" Brener was a mere misnomer. The court en banc found that the amendment *did* have the effect of identifying a new defendant and held against appellant on that basis.

The issue of a tolling of the statute of limitations by fraud or concealment was thus not an issue in the

proceedings pertaining to amendment of the complaint and therefore cannot be said to have been presented with particularity by a reference to those proceedings even if we considered them to be incorporated thereby.

Appellant could have raised the issue of fraud or concealment properly had he chosen to rely on that claim in his reply to new matter, but he did not. Instead, he chose to raise and stand on the issue of res judicata, which constitutes an inadequate answer to appellee's new matter. There is no indication that he thereafter sought leave to amend his reply to include the issue he now raises. Had appellant chosen to raise the issue, the question of whether the statute of limitations was tolled might have been presented before this court. Having chosen to rely on res judicata below, appellant should not be allowed to raise the estoppel by fraud and concealment on his argument here.

I would affirm the decision of the lower court because judgment *on the pleadings* was properly allowed in this case.

DISSENTING OPINION BY SPAETH, J.:

In my view this case should be decided by examining the record and determining whether there was the "active concealment" the majority says there was. While I agree with Judge JACOBS that appellants did not properly plead fraud, if the record nevertheless disclosed fraud, I would not penalize appellants for their bad pleading but would vacate the judgment and remand with the direction that appellants be given leave to amend their pleading.

The accident between the minor appellant, William DeRugeriis, Jr., and Stephen Brener, appellee, also a minor, occurred on February 25, 1967. The action against Herbert Brener, Stephen's father, was started by filing a praecipe for summons on January 22, 1969. When appellants, William and his parents, failed to file a com-

plaint, Herbert filed a rule to file a complaint on February 13, 1969 (twelve days before the statute of limitations ran). Herbert also filed interrogatories on the same date. The complaint was not filed until April 2, 1969 (36 days after the statute had run). By May 14, 1969, the interrogatories still remained unanswered, so Herbert filed a motion for sanctions. On June 25, 1969, the interrogatories were answered, and the motion for sanctions was subsequently withdrawn.

Nothing else appears in the record until April 16, 1970, when Herbert Brener filed an answer to the complaint. That answer contained the allegation that Stephen, not Herbert, had been the driver of the car. Appellants did nothing in response until March 3, 1972, when they filed a petition to amend the complaint, alleging that they had named Herbert as defendant rather than Stephen because of misrepresentation by Herbert and his insurance carrier. Herbert answered the petition, alleging the bar of the statute. Subsequently the depositions of the minor appellant and of Stephen and Herbert Brener and Joseph Nigro (the representative of Herbert's insurance company) were taken.

It appears that Herbert Brener was *not* at the scene of the accident. Both minor drivers, William and Stephen, were on their way to the same high school prom (which they both did later attend). Appellants' petition alleges that "[a]t the scene of the accident . . . the driver . . . identified himself as Herbert Brener . . . ." However, the depositions do not bear that out. William testified that he did not hear the other driver's name spoken at the scene. He also said that whatever identification the other driver presented to him he passed on to Dr. O'Neill (the owner of the house where the two minors stopped after the accident), who, William "believed", copied down the information. Appellants did not depose Dr. O'Neill.

Stephen Brener said that the drivers' licenses were exchanged in Dr. O'Neill's house. He also said that Dr.

O'Neill then asked him to get the owner's card, so he went to the car for that and the insurance card. He thought William started copying down information from his license, but because he went to get the owner's card, he was not sure of this.

Appellants' petition alleges misrepresentation because Herbert Brener made no response to the letter of representation sent ,by appellants' attorney, which referred to "the car in which you were driving." It is true that Herbert did not respond to the letter, but merely sent it on to his insurance company. It is also true that a misrepresentation need not be in the form of a positive assertion, but can be practiced by silence when good faith requires expression. *McClellan Estate*, 365 Pa. 401, 408, 75 A.2d 595, 598 (1950) ; *Shane v. Hoffmann*, 227 Pa. Superior Ct. 176, 181, 324 A.2d 532, 536 (1974). This omission alone, however, does not seem to me to be enough to constitute fraud, since the record contains other evidence sufficient to negate any inference of deception by Herbert. For example, there is no suggestion that Herbert deceived his insurance company, for in his deposition he testified that when he sent the letter on to the company, he wrote that it related to his son's accident. Nor does it appear that he deceived appellants, for he also testified that one or two days after the accident he called William's father, identified himself, and said that his son had been involved in an accident with William.[1] William's father was not deposed. Herbert also

---

1. Herbert did not testify as to whether or not he mentioned his son's first name in this conversation (or in the insurance correspondence), but appellants were notified of the identity of the driver and should have asked for his first name. "Under the law of Pennsylvania, it is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period. . . ." *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963).

testified that in his written notice of the accident to the insurance company he listed his son as the driver. Both counsel apparently saw a xerox copy of that notice at the deposition, but it was never put into evidence.

Appellants' petition further alleges that Joseph Nigro, the representative of Herbert Brener's insurance company, called appellants' attorney and "indicated that his company represented Herbert Brener and that he had received my letter of representation and confirmed the fact that Herbert Brener was the driver. . . ." In his deposition, however, Nigro testified that since the alleged telephone call had occurred more than five years ago, he did not remember it. He said that generally a claims representative does speak to the adverse party's attorney and they do exchange pertinent information. He also confirmed that correspondence is usually headed with the name of the insured (not that of the driver.)

This record does not disclose fraud. Nor does it seem likely that appellants could improve the record; more than eight years have elapsed since the accident. Furthermore, appellants' failure to depose either Dr. O'Neill or appellant William senior is important. *Cf., Flowers v. Green,* 420 Pa. 481, 218 A.2d 219 (1966) ; *Peters v. Shear,* 351 Pa. 521, 41 A.2d 556 (1945) ; *Arnold v. McKelvey,* 253 Pa. 324, 98 A. 559 (1916) ; *Schwegel v. Goldberg,* 209 Pa. Superior Ct. 280, 228 A.2d 405 (1967), *allocatur refused* 209 Pa. Superior Ct. *xxxix* (all personal injury cases where counsel properly argued to the jury that the failure of defendant or witness within the control of defendant to testify supported an inference adverse to the defense) ; and *Hall v. Vanderpool,* 156 Pa. 152, 26 A. 1069 (1893) (where appellant claimed certain property was transferred to her by her father, but did not call him to testify although there were no other witnesses, the jury was entitled to infer that his testimony would not be favorable). And finally, appellants' dilatory prosecution of their claim is against them; if

they had really been defrauded, a more vigorous reaction would be expected.

The court below was therefore correct in granting appellee's motion for judgment on the pleadings: the statute of limitations has run; and appellants neither pleaded nor proved fraud to toll the statute.

