574 A.2d 671

**Linda Kitts LAFFERTY, Appellant,**

v.

**The ALAN WEXLER AGENCY, INC.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1990.

Filed May 1, 1990.

Gregory P. Sesler, Erie, for appellant.

Ritchie T. Marsh, Erie, for appellee.

Before McEWEN, BECK and HUDOCK, JJ.

BECK, Judge:

The question presented in this case is under what circumstances a plaintiff should be permitted to amend her complaint to substitute a new defendant for the defendant named in the original complaint, once the statute of limitations has run. We find that the statute of limitations is tolled where a defendant actively conceals the identity of the party against whom a plaintiff intends to bring a cause of action. Accordingly, we reverse.

In her complaint filed on May 4, 1988, plaintiff-appellant, Linda Kitts Lafferty, alleged that she was injured on November 23, 1986 when a light fixture in an apartment in which she was then living, disengaged from the ceiling of the apartment and fell on top of her head and shoulders. Subsequently, Lafferty contacted Robert LeSuer, Esquire,

to represent her in pursuing a claim against the owner of the apartment. LeSuer commenced correspondence with the Rockwood Insurance Company ("Rockwood"), the insurer of appellee The Alan Wexler Agency, Inc. ("Wexler Agency"). Soon afterward, however, Rockwood requested that LeSuer discontinue his representation of Lafferty because the firm through which he was currently employed had previously defended cases involving Rockwood. The file was then transferred to Gregory P. Sesler, Esquire.

Thereafter, on May 4, 1988, Lafferty filed a complaint against the Wexler Agency, alleging that as the owner of the premises in which the accident occurred, it was liable for her injuries. The Wexler Agency responded by filing preliminary objections, which, among other things, objected that Lafferty failed to either establish an inference of negligence or allege that the Wexler Agency possessed prior knowledge of any defective condition. After the trial court granted the Wexler Agency's preliminary objections, Lafferty filed an amended complaint. Once again, the Wexler Agency responded to this complaint by filing preliminary objections. In addition to objecting to the form and structure of the amended complaint, the Wexler Agency averred that Lafferty failed to allege that the Wexler Agency possessed notice regarding the allegedly defective condition or that as the landlord, the Wexler Agency had any obligation to repair the allegedly defective condition. Again the trial court sustained the Wexler Agency's preliminary objections.

Thereafter, on December 22, 1988, one month after the statute of limitations had run, Lafferty filed her second amended complaint. Three weeks later, less than two months after the statute of limitations had expired, the Wexler Agency filed an Answer, New Matter and Counterclaim, in which the Wexler Agency averred that:

The defendant, "The Wexler Agency, Inc.," is not the owner of the property located at 1251–1251½ East 38th Street, Erie, Pennsylvania. The defendant, "The Wexler Agency, Inc.," denies ownership and/or control of the

beforementioned property. In further answer thereto, the property commonly referred to as 1251–1251½ East 38th Street is owned by Alan S. Wexler, personally, pursuant to the deed recorded in Erie County Deed Book 1419 at Page 289, which deed is incorporated herein by reference.

In response to this pleading, Lafferty filed a Motion to Amend Complaint by Leave of Court. Pursuant to this motion, Lafferty sought to substitute Alan S. Wexler, personally, as the defendant, for the Wexler Agency.[1] As the basis for this amendment, Lafferty cited Pennsylvania Rule of Civil Procedure 1033, which provides, in pertinent part: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, *correct the name of a party* or amend his pleading." Pa.R.Civ.P. 1033 (emphasis added).

A hearing was held on this matter, and the trial court issued an order which denied Lafferty's motion to substitute Alan Wexler as the defendant.[2] Lafferty appeals this order.

■ Initially, we note Lafferty's appeal is properly before this court. Because the trial court denied Lafferty's motion to substitute Alan Wexler as the defendant, Lafferty has been effectively put out of court with respect to Alan Wexler individually, the only defendant who is potentially liable. The order has the effect of a final order and is appealable to this court. *Peaceman v. Tedesco,* 51 Pa. Commw. 544, 547–48, 414 A.2d 1119, 1120 (1980) (citing *Saracina v. Cotoia,* 417 Pa. 80, 82 n. 3, 208 A.2d 764, 766 n. 3 (1965)).

■ Lafferty first contends that she is entitled to substitute Alan Wexler individually for the Wexler Agency because she originally intended to sue the owner of the

1. The plaintiff additionally requested the court's permission to aver pain and suffering damages in her complaint.

2. Judge Dwyer granted the plaintiff's motion to include pain and suffering as an element of damages.

premises and the owner has not changed throughout this litigation. We find this argument unpersuasive.

The Pennsylvania Supreme Court, in *Girardi v. Laquin Lumber Co.*, 232 Pa. 1, 81 A. 63 (1911), announced the rule to be utilized in analyzing cases wherein an amendment to a party's name is sought, as follows:

> Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused.

*Id.*, 232 Pa. at 1, 81 A. at 63 (citing *Wright v. Eureka Tempered Copper Co.*, 206 Pa. 274, 55 A. 978 (1903)).

More recently, the court emphasized that the issue "is whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party." *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 29, 53 A.2d 73, 76 (1947). In *Gozdonovic*, the court pointed out that it would be impermissible to bring in as the right party members of a partnership where the partnership itself was the original defendant. *Id.*, 357 Pa. at 29, 53 A.2d at 76 (citing *Girardi*, 232 Pa. at 1, 81 A. at 63) (plaintiff attempted to amend caption on complaint from Laquin Lumber Co., a corporation, to Laquin Lumber Co., a partnership composed of six individuals trading as the Laquin Lumber Co.; court affirmed trial court's denial of requested amendment, because to allow amendment would be to allow new parties on record rather than to correct defendant's name).

In the instant case we find that while Lafferty has asserted that throughout this action she intended to sue the owner of the premises, her motion to the trial court requested that court to substitute a *new party* for the Wexler Agency in the suit, rather than requesting merely a change in the capacity in which Alan Wexler was originally sued. We note that the outcome in this case is controlled by *Girardi*, where the Pennsylvania Supreme Court refused to

permit a plaintiff to amend her complaint to substitute a partnership composed of six individuals where the original complaint named the corporation as the defendant.

We emphasize that one of the rationales supporting this rule is to insure that assets originally not subject to liability will not become subject to liability through court action after the statute of limitations has run. *Thomas v. Duquesne Light Co.*, 376 Pa.Super. 1, 545 A.2d 289, 292 (1988), *allocatur granted*, 522 Pa. 614, 563 A.2d 499 (1989) (citing *Powell v. Sutliff*, 410 Pa. 436, 438–39, 189 A.2d 864, 865 (1963)). This rationale is clearly implicated in the instant case where Alan Wexler's personal assets, rather than the assets of the Wexler Agency, would be subject to liability if the amendment were permitted.

■ Our inquiry, however, is not at an end. Lafferty makes the persuasive argument that the Wexler Agency actions lulled her into a false sense of security. She asserts that by failing to inform her that she had sued the wrong defendant, the Wexler Agency's actively concealed the identity of the correct defendant until after the statute of limitations period had expired. Lafferty contends, therefore, that the amendment should have been permitted despite the expiration of the statute of limitations. We agree.

We commence our analysis with *DeRugeriis v. Brener*, 237 Pa.Super. 177, 348 A.2d 139 (1975), wherein this court first articulated the rule that where a defendant or his agents actively mislead a plaintiff as to who are the proper defendant or defendants until after the statute of limitations period has expired, the proper remedy is to toll the statute of limitations as to the defendant regarding whom the concealment was directed. *Id.*, 237 Pa. Superior Ct. at 179, 348 A.2d at 140. In *DeRugeriis*, for example, this court permitted the plaintiff to amend his complaint to substitute Stephen Brener (son) for Herbert Brener (father), where Stephen had been the operator of the vehicle which was involved in the accident forming the substance of the cause of action. The *DeRugeriis* court found that whether intentional or not, through active concealment the true

identity of the driver was withheld from the plaintiff until the statute of limitations had run. *Id.,* 237 Pa. Superior Ct. at 179, 348 A.2d at 140. Based upon this concealment, the court permitted amendment to the pleadings to reflect the proper party defendant.

Several years later, the Commonwealth Court of Pennsylvania, in *Peaceman v. Tedesco,* 51 Pa.Commw. 544, 414 A.2d 1119 (1980), applying the standard articulated in *De-Rugeriis,* found that the defendant had committed active concealment which warranted the tolling of the statute of limitations.

In *Peaceman,* the plaintiff filed a malpractice action against the physician-son when plaintiff intended to sue the physician-father who was the doctor who performed the surgery. The father was Edwin W. Shearburn, Jr., M.D. and the son was Edwin W. Shearburn, III, M.D. The plaintiff filed suit alleging malpractice and named Edwin W. Shearburn, III, M.D. ("son") as the defendant. The son filed an answer stating that he did not perform the alleged surgery or the acts averred. *Id.,* 51 Pa. Commw. at 546, 414 A.2d at 1120. The court found that despite the son's answer filed ten months prior to the running of the statute of limitations, the answer also pleaded that " '[I]t is specifically denied that the defendant, Edwin M. Shearburn, III, M.D., performed the surgery *as alleged'* and that 'Edwin W. Shearburn, III, M.D. did not make any warranties [of treatment in accordance with medical standards in the community] *as averred.'* " *Id.* at 554–55, 414 A.2d at 1123.

The court opined that the phrases utilized by the son such as "as alleged" and "as averred" were susceptible to the interpretation that the surgery was performed by the son, but that the surgery was not performed as the plaintiff "alleged" or "averred". *Id.,* 51 Pa. Commw. at 554–55, 414 A.2d at 1123. The court additionally declared that regarding the warranty language contained in the son's pleading, it could have been interpreted by the plaintiff to mean "that the warranties were made by the pleader but not as averred, rather than as a denial that the pleader had per-

formed the surgery or made the warranties, but that some-one else had." *Id.* at 554–55, 414 A.2d at 1123.

The *Peaceman,* court next cited language from the son's Motion for Summary Judgment, which was filed after the statute of limitations had run and which clearly articulated the confusion between the father and the son, that both were physicians at the same hospital, that the father had performed the subject operation and that the son did not participate in that operation. The court ruled that counsel's filing of an answer which lacked the clarity and certainty contained in the subsequent summary judgment motion, coupled with counsel's actions throughout the litigation, which were consistent with a defense on the merits of a malpractice action, led the court to conclude that the defendant had actively concealed the identity of the correct party defendant. *Id.,* 51 Pa. Commw. at 554–55, 414 A.2d at 1123. As a result, the court held that the statute of limitations had been tolled regarding the father as the defendant.

The instant case is factually analogous to *Peaceman.* For this reason the principles established in *Peaceman* are clearly applicable.

Throughout the pleading stage of this litigation, the Wexler Agency acted as if it was defending the case on the merits. In its first Preliminary Objections to Lafferty's complaint, for example, it maintained that:

> If plaintiff is attempting to make an inference of negligence, same has not been made with clarity. The fact that an apartment contains a suspended ceiling with a fluorescent light fixture certainly is no evidence of misconduct or negligence on the defendant's part. In fact, it could reasonably be assumed that the plaintiff was aware that the "downstairs apartment contained a suspended ceiling which had a fluorescent light fixture above it in the kitchen."

Preliminary Objections, filed June 27, 1988, p. 2. Additionally, in the Wexler Agency's Brief in Support of Defendant's Preliminary Objections to Plaintiff's First Amended Complaint, the Wexler Agency asserted the substantive rule

of law that a landlord out of possession of a leased premises is not responsible for injuries on those premises. Preliminary Objections, filed Oct. 11, 1988, pp. 2–4. Finally, in the Wexler Agency's Answer, New Matter and Counterclaim, filed after the statute of limitations had run, the Wexler Agency finally stated with clarity that the Wexler Agency was not the owner of the subject premises, but rather that the owner was Alan Wexler, personally.

While based upon this record we cannot discern whether the Wexler Agency intentionally concealed the identity of the owner of the premises at issue, this need not be established. *DeRugeriis, supra. See also McNair v. Weikers,* 300 Pa.Super. 379, 387–88, 446 A.2d 905, 909 (1982) (proof of intentional concealment not required). All that is required is that the evidence establish that one party actively misled another party. *Peaceman, supra; DeRugeriis, supra.* The evidence clearly establishes, even more clearly than was the case in *Peaceman,* that the Wexler Agency actively misled Lafferty regarding the identity of the proper defendant. The Preliminary Objections filed by the Wexler Agency attacked only the substance of the litigation. It was not until the Wexler Agency filed its Answer, New Matter and Counterclaim, two months after the expiration of the statute of limitations, that it first articulated that it was not the owner of the premises.

For these reasons we reverse that portion of the order below which denied Lafferty's motion to amend her complaint to substitute as the defendant, Alan S. Wexler, individually.

Jurisdiction is relinquished.