657 A.2d 980

**Mary R. HAMILTON and James Hamilton, Appellants,**

**v.**

**John BECHTEL and Shirley Bechtel.**

Superior Court of Pennsylvania.

Argued Jan. 31, 1995.

Filed April 24, 1995.

Carla E. Connor, Norristown, for appellants.

Teresa Ficken Sachs, Philadelphia, for appellees.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

This appeal results from the trial court's denial of Appellants Motion to Amend Complaint which was filed in order to substitute a new party for the one Appellants erroneously sued. The Motion was filed one year after the statute of limitations had run.

On February 27, 1992, Appellants initiated this lawsuit, alleging in their Complaint that on July 6, 1990, Appellant wife was injured as a result of an automobile accident. Appellants averred that Appellee, John Bechtel, negligently operated the vehicle owned by Appellee, Shirley Bechtel, causing it to strike Appellant wife's vehicle. Appellant husband made a derivative claim for damages as a result of his wife's injuries and for property damage to his vehicle.

Appellees filed their Answer with New Matter on June 16, 1992, denying that they owned or operated the vehicle which struck the plaintiff, and asserting that the owner and operator of the vehicle was William Bechtel. Although Appellants had been notified that they had sued the wrong party prior to the running of the statute of limitations, they waited until a year after the statute of limitations had expired before petitioning to amend their Complaint. The trial court issued an order on October 14, 1993 denying Appellant's Petition to Amend Complaint.[1]

■ Appellants allege that the trial court erred in failing to grant their petition to Amend the Complaint based on the mistaken designation of John Bechtel as the operator of the vehicle rather that his son William. Appellants assert that they relied on Appellees' insurance carrier's representations as to the identity of the operator and that the company allegedly participated in actively defending the case on the merits after having filed its Answer to Appellants' Complaint.

■ We disagree. When reviewing a trial court's ruling on a petition to amend, we must bear in mind that the trial court is granted broad discretion in evaluating the petition. *Newcomer v. Civil Service Comm'm of Fairchance Borough*, 100 Pa.Commw. 559, 515 A.2d 108 (1986). We will not disturb the sound discretion of the trial court absent an abuse of discretion. *Ecksel v. Orleans Construction Co.*, 360 Pa.Super. 119,

1. We note that because the action was initiated previous to July 6, 1992, and because the Order was entered before March 1, 1994, this case does not fall under the new Rule of Appellate Procedure 341.

519 A.2d 1021 (1987). Pennsylvania Rule of Civil Procedure 1033 provides that:

[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033.

■ This rule has repeatedly been interpreted as requiring the liberal evaluation of amendment requests in an effort to determine cases based upon their merits rather then a mere technicality. *Horowitz v. Universal Underwriters*, 397 Pa.Super. 473, 580 A.2d 395 (1990), *appeal denied*, 527 Pa. 610, 590 A.2d 297 (1990). "The operative test therefore, is 'whether the right party was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party.' " *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 361 A.2d 842, 844 (1976). An amendment is permitted in the former situation but not in the latter. *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864, 865 (1963).

Our Supreme Court held in *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764, 766 (1965) that an amendment of a complaint after the statute of limitations has run cannot be permitted when it attempts to bring in a new and distinct party to the action. The facts in *Saracina* are analogous to the those in the instant case. The plaintiff in *Saracina* sued Anthony Cotoia, alleging that he struck plaintiff with his vehicle. In his answer, Anthony denied that he had operated the vehicle and averred that his son, Robert Cotoia had been driving the vehicle when the alleged action occurred. After the statute of limitations had expired on any claim against Robert, plaintiff sought leave to amend and name him as a defendant. The lower court denied the leave to amend, reasoning that because an amendment to the complaint would substitute a new and distinct party after the statute of limitations had expired, this

could not be allowed. The Court affirmed the trial court's reasoning despite the "strong indications in [the] case that Saracina intended to bring suit against the operator of the vehicle." *Id.* 417 Pa. 84, 208 A.2d at 766.

Appellants assert that the insurance carrier for Appellees, referred in all its correspondence, to the insured as John Bechtel. Appellants allege that the company's failure to mention William Bechtel and its active defense of the lawsuit, demonstrates its concealment of the identity of the correct party. Therefore, according to Appellants, Appellees should be estopped from asserting the expiration of the statute of limitations as a defense because they "misled" Appellants about the identity of the driver of the car. Our Supreme Court discussed estoppel and its effect on the statute of limitations in *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963). The Court permitted an amendment only where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance." *Id.* 410 Pa. 405, 189 A.2d at 269.

Appellants rely on *DeRugeriis v. Brener* 237 Pa.Super. 177, 348 A.2d 139 (1975), *appeal dismissed per curiam*, 471 Pa. 103, 369 A.2d 1215 (1977) for the proposition that the statute of limitations may be tolled if there is concealment of the true name of the person intended to be sued during the period prior to the running of the statute of limitations. The court in *DeRugeriis* distinguished the facts with which it was presented from those in *Saracina, supra*, 417 Pa. 80, 208 A. 764, in that the defendants in *DeRugeriis* and their agents actively concealed the driver's true identity until after the statute of limitations had run. They were therefore permitted to amend the Complaint.

Appellants also cite *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 361 A.2d 842 (1976) for the proposition that a complaint can be amended in a case where all communications with the insurance company referred to the defendant by an incorrect name. We disagree. Our reading of *Cianchetti* demonstrates that the plaintiffs in that case had miscaptioned their complaint. The complaint alleged that an accident occurred in 1968. The caption for the case named Harry J. Kaylen as defendant, however, Harry J. Kaylen had died in 1965. Henry J. Kaylen

was the sole resident at the address given in the Complaint. Henry answered to the name of Harry when served by the sheriff with the Complaint, and all communications with the insurance company treated Henry, its insured, as the real party to the court proceedings. The court held that the defendants and his agents misled the plaintiffs into believing that Harry J. Kaylen was a proper designation for Henry J. Kaylen. The Court in *Saracina,* supra, 417 Pa. 84, 208 A.2d at 766, stated that "if the right party was in court ... and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment." Because the right party was before the court, we permitted the amendment of the Complaint in *DeRugeriis.*

We find the record in the instant case distinguishes it from the cases cited by Appellants, which allowed the amendment of the complaints. The Bechtels expressly stated in their Answer that the owner and operator of the automobile was William Bechtel. The Answer was filed nearly three weeks before the Statute of Limitations on any claims against William Bechtel had expired. The evidence as revealed in the record demonstrates that William Bechtel's name was identified on the accident report filed by Appellant wife with the 14th Police District in Philadelphia on the day of the accident. We conclude, therefore, that the trial court did not abuse its discretion. "It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Hayward v. Medical Center,* 530 Pa. 320, 608 A.2d 1040, 1042 (1992) citing *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267, 269 (1963). "Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Hayward* supra, 530 Pa. 323, 608 A.2d at 1042 citing *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468, 471 (1983).

Appellants, in the instant case, had the opportunity before the statute of limitations ran, to discover the identity of the correct party. We, therefore, find that the court below was correct in refusing to permit the complaint to be amended in order to change the proper name of the defendant from John Bechtel to William Bechtel.

Order affirmed.

BROSKY, J., files a concurring opinion.

KELLY, J., concurs in the result.

BROSKY, Judge, concurring.

At the outset, I note that while the current version of Rule 341 is not applicable to this case, this court nonetheless has jurisdiction to consider the merits of the appeal because the order appealed from has the practical effect of placing the litigants out of court with respect to William Bechtel. Hence, the order has sufficient aspects of finality for purposes of appeal. *See, e.g., Lafferty v. Alan Wexler Agency, Inc.,* 393 Pa.Super. 400, 403, 574 A.2d 671, 673 (1990) (order denying plaintiff's motion to amend the complaint to substitute a new party was deemed final and appealable because it effectively put the plaintiff out of court with respect to the only defendant, in his capacity as an individual, who was potentially liable).

Although the result reached by the majority is correct, an extended discussion of the issues is unwarranted. Similar claims regarding the amendment of a complaint so as to substitute a new party after the expiration of the statute of limitations have been previously considered and rejected by this court. *See Zercher v. Coca–Cola USA,* 438 Pa.Super. 142, 145–46, 651 A.2d 1133, 1134–1135 (1994) and *Lafferty v. Alan Wexler Agency, Inc.,* 393 Pa.Super. at 404–405, 574 A.2d at 673–674 (both of which discuss the applicable law and disallow amendment of the complaint to name a new party-defendant after the expiration of the statute of limitations).

However, a question remains as to whether the identity of the defendant was concealed by appellees such that the amendment should have been allowed in this case. Again, the law regarding this issue has been adequately set forth in *Lafferty*. *See Lafferty v. Alan Wexler Agency, Inc.*, 393 Pa.Super. at 405–408, 574 A.2d at 674–675. Unlike the defendant in *Lafferty*, there is no evidence that the appellees here actively misled appellants regarding the identity of the proper defendant. Appellees denied liability and specifically advised appellants, prior to the expiration of the statute of limitations, of the identity of the potentially responsible party. *See* Appellees' Answer and New Matter at paragraph 3. In addition, a police report completed on the day of the accident indicates that appellants named William Bechtel as the driver of the vehicle. It is thus apparent that appellants were aware of the identity of the correct defendant, but failed to name him as a party in their complaint. Accordingly, I concur in the affirmance of the trial court's order.