## Miller v. Abraham

C.P. of Lancaster County, no. 122-1996.

*William J. Haggerty,* for plaintiffs.
*J. Michael Flanagan,* for defendant.

GEORGELIS, *J.,* April 2, 1997—Before me is the plaintiffs' "motion pursuant to Pa.R.C.P. 126 and 1033," which seeks to amend the complaint by identifying a different defendant. The motion will be denied.

The plaintiffs have alleged a cause of action in negligence, arising out of a January 13, 1994 accident, in which Cindy L. Miller was injured when she was crossing the street and was struck by a car owned by Thomas J. Abraham, the named defendant, and operated by Thomas Carl Abraham, his son, who was the only occupant of the car. The accident was investigated on the day it occurred by a Lancaster City police officer, who completed and filed an accident report, a copy of which plaintiffs' counsel[1] had in his possession no later than March 2, 1994.

---

1. I note that the plaintiffs changed their counsel sometime before the filing of the complaint.

Thomas J. Abraham, the owner of the car, had it insured under a policy issued by the Erie Insurance Company, which recognized Thomas Carl Abraham as an insured under that policy, as the operator of the car at the time of the accident. Counsel for the plaintiffs entered into settlement negotiations with Erie, and the discovery discloses that, even though he represented to Erie's representative at various times that Thomas J. Abraham was the operator of the car, the Erie representative never acknowledged Thomas J. Abraham as the operator.

The plaintiffs' complaint was filed on January 11, 1996, two days before the expiration of the statute of limitations, and their motion was filed on March 1, 1996. It was moved for assignment for disposition on January 17, 1997. It seeks to amend the complaint to replace Thomas J. Abraham with Thomas Carl Abraham as the defendant. The defendant opposes the motion on the ground that granting the plaintiffs the relief they seek would allow them to assert a cause of action against Thomas Carl Abraham after the expiration of the statute of limitations. I agree with the defendant.

Pa.R.C.P. 1033, upon which the plaintiffs rely, provides, in part, that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." Even though our appellate courts have interpreted this rule to liberally allow amendments to pleadings, it is well established law in Pennsylvania that, if the effect of an amendment is to correct the name under which the correct party is sued, the amendment will be allowed, but, if it is to introduce a party, it will be refused. *Girardi v. Laquin*

*Lumber Co.,* 232 Pa. 1, 2, 81 A. 63, 64 (1911). It is equally well established law in Pennsylvania that, where a named defendant actively misleads the plaintiff as to the identity of the true defendant, the statute of limitations will be tolled as to the true defendant. *DeRugeriis v. Brener,* 237 Pa. Super. 177, 180, 348 A.2d 139, 140 (1975).

In *DeRugeriis,* as here, the son of the owner of a car was involved in an accident. At the scene of the accident, the plaintiff was given the name of the father as the operator, and there were communications between the plaintiff's father and the father of the operator and between the plaintiff's father and the insurance carrier for the policy on the car. The true identity of the operator was not revealed during these communications, and the plaintiff first became aware of it only after the answer to the complaint was filed. Our Superior Court determined that this constituted an active concealment of the true identity of the operator and concluded that the statute of limitations had tolled as to the operator.

The facts before me differ significantly from those in *DeRugeriis.* Here, even though the defendant denied, in his answer, that he was the operator of the car, the police accident report clearly identifies Thomas J. Abraham as the owner of the car and Thomas Carl Abraham as the operator. Furthermore, there is no evidence that, in the communications between plaintiffs' counsel and Erie, Erie's representative misled plaintiffs' counsel as to the identity of the operator. Even if the representative had misled counsel, I believe that the clear identification of the operator in the police accident report should have minimally been notice to counsel to explore the matter further, before the expiration of the statute of limitations, and to clarify the identification issue. I do

not believe that the facts before me constitute the active concealment required by the *DeRugeriis* court.

In *Hamilton v. Bechtel,* 441 Pa. Super. 390, 657 A.2d 980 (1995), *alloc. denied,* 542 Pa. 639, 666 A.2d 1049 (1995), our Superior Court dealt with another case involving the naming of a father as the defendant, when his son was the actual operator of the car involved in the accident. It held that it is the duty of the party asserting the cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which his right of recovery is based and to institute suit within the prescribed period. *Id.* at 395, 657 A.2d at 982. The court concluded that, because, inter alia, the police accident report contained the correct identity of the operator of the car, the plaintiff had not used the necessary reasonable diligence. I believe that the plaintiffs' failure to ascertain the identity of the correct operator of the car from the police accident report, which was available at least 22 months before the filing of the complaint and the expiration of the statute of limitations, does not constitute the reasonable diligence necessitated by *Hamilton.*

I believe that the holdings in *DeRugeriis* and *Hamilton* are authority to deny the plaintiffs the relief they seek. I conclude that allowing that relief would be allowing the introduction of a new party after the expiration of the statute of limitations. Consequently, their motion must be denied.

Accordingly, I enter the following:

## ORDER

And now, April 2, 1997, for the reasons stated in the foregoing opinion, the plaintiffs' "motion pursuant to Pa.R.C.P. 126 and 1033," is denied.