Hector DIAZ and Gloria Diaz,
Husband and Wife,

v.

Edward SCHULTZ, Jr.,

**Appeal of: Hector Diaz, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 26, 2003.

Filed Jan. 9, 2004.

Allen H. Silverman, Philadelphia, for appellant.

Andrew J. Kramer, Norristown, for appellee.

BEFORE: JOYCE, MUSMANNO, JJ., and McEWEN, P.J.E.

OPINION BY MUSMANNO, J.:

¶ 1 Hector Diaz ("Diaz") appeals from an Order granting summary judgment in favor of Edward Schultz, Jr. ("Schultz") in this personal injury action. We vacate the Order and remand for further proceedings.

¶ 2 The pertinent facts of this case are as follows:

On September 13, 1999, Plaintiff [Diaz] was unloading his employer's truck that was parked in the parking lot adjacent to the Gran Sasso Restaurant in Kennett Square, Pennsylvania. Defendant [Schultz's] son, Scott Schultz ["Scott"], drove [Schultz's] vehicle on the day in question, a 1982 Mercedes 300D, and parked the car into a parking space in the lot. [Schultz] owned the vehicle but was not the operator on the date in question. After [Scott] parked the vehicle, he went inside the restaurant. While unattended, the vehicle rolled forward and struck [Diaz] ... caus[ing] severe injuries to his right leg, his knee, and his back. [Scott] testified that minutes after he entered the restaurant, an individual came in and asked who owned a red Mercedes[,] and that [Scott] replied that he owned the car. [Scott] further testified that he gave his driver's license, the vehicle registration, and the insurance card to Officer Richard Bell, the police officer at the scene. Officer Bell testified that he asked "a subject" at the scene if the vehicle in question

was his vehicle; and the subject responded "yes." Officer Bell testified that the subject gave him the vehicle registration and the insurance card but he could not recall if the subject provided a driver's license. Officer Bell testified that the person who gave him the information did not identify himself as [Schultz] or anyone else. Officer Bell testified that the department policy is to obtain the driver's information only if the accident involves an operated vehicle. The police accident report identifies the vehicle's owner as [Schultz], but does not identify the driver.

On or about June 30, 2001, [Diaz] retained current counsel to represent him in a claim arising from the September 13, 1999 accident. On July 27, 2001, counsel filed suit on behalf of [Diaz and his wife, ("the Diazes")] alleging that [Schultz] was the owner and operator of the vehicle causing [Diaz's] injuries. [Schultz] was served with the complaint on August 21, 2001. On September 20, 2001, [Schultz] filed his answer to [the Diazes'] complaint stating that [Schultz] was the owner of the vehicle but [Schultz's] son, [Scott], was the vehicle's operator on the day of the accident. [The Diazes] filed a petition to amend the complaint to substitute the name of Defendant on January 31, 2002. On May 1, 2002, this court ordered [Schultz] to produce an unredacted copy of [Schultz's] insurance file history report for an *in camera* inspection and [Schultz] complied with the court's order. After conducting the *in camera* inspection, the trial court denied [the Diazes'] Petition to Amend his Complaint to Substitute the Name of Defendant on May 23, 2002. On June 10, 2002, [the Diazes] filed a petition to strike [Schultz's] answer to [the Diazes'] complaint that the court subsequently denied. [Schultz] filed a motion for summary judgment on September 13, 2002. The court granted [Schultz's] Motion for Summary Judgment and [the Diazes] filed a timely appeal.

Trial Court Opinion, 4/23/03, at 1–2.

¶ 3 On appeal, Diaz raises the following issues:

1. Did the trial court abuse its discretion and commit an error of law in denying Diaz's Motion to strike Schultz's Answer to the Complaint, which was filed thirty days after service of the Complaint, in violation of Pa.R.C.P. 1026(a) and subsequent to the running of the statute of limitations, where no just cause for the delay of filing was demonstrated and where as a result, the Diazes suffered extreme prejudice in that they were denied the opportunity of commencing suit against Scott?

2. Did the trial court err and/or abuse its discretion in denying the Diazes' Motion to substitute the name of the defendant where the evidence indicated that Schultz's son Scott, his insurance carrier, and his attorney, actively misled, whether intentionally or not, the Diazes as to the identity of the driver of the vehicle until after the statute of limitations had run?

3. Did the trial court err and/or abuse its discretion in granting Schultz's Motion for summary judgment in light of the tactics employed by Schultz's son, his insurance carrier, and his defense counsel, which deprived the Diazes of the identity of the operator of the vehicle until after the statute of limitations had run?

*See* Brief of Appellant at 3.

¶ 4 Before we consider Diaz's contentions on appeal, we note our standard of review of an order granting summary judgment:

[O]n an appeal from the grant of a motion for summary judgment ..., the reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion....

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of law." Lastly, we ... view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Murphy v. Duquesne University of the Holy Ghost,* 565 Pa. 571, 777 A.2d 418, 429 (2001) (citations omitted).

¶ 5 We will first consider Diaz's second issue on appeal, *i.e.,* that the trial court erred or abused its discretion in denying his Motion to substitute the name of the defendant.

¶ 6 When reviewing a trial court's ruling on a petition to amend a complaint, we grant the trial court a broad discretion in evaluating the petition. *Hamilton v. Bechtel,* 441 Pa.Super. 390, 657 A.2d 980, 981 (1995). "We will not disturb the sound discretion of the trial court absent an abuse of discretion." *Id.*

¶ 7 "Where a defendant or his agents actively mislead a plaintiff as to who are the proper ... defendants until after the statute of limitations has expired, the proper remedy is to toll the statute of limitations as to the defendant regarding whom the concealment was directed." *Lafferty v. The Alan Wexler Agency, Inc.,* 393 Pa.Super. 400, 574 A.2d 671, 674 (1990) (citing *DeRugeriis v. Brener,* 237 Pa.Super. 177, 348 A.2d 139 (1975)). Intentional concealment of the identity of the proper defendant is not necessary. *Lafferty,* 574 A.2d at 675. "All that is required is that the evidence establish that one party actively misled another party." *Id.*

¶ 8 In the instant case, the record reveals that Schultz's insurance company was aware, as of January 7, 2000, that Scott, not Schultz, was the driver of the car. The insurance company did not provide this information to Diaz's counsel, despite a request by Diaz's counsel's paralegal just two days before, on January 5, 2002, that the insurance company provide counsel with that information. *See* Deposition of Maria Keller, 3/14/02, at 9–11. Further, the insurance company's file demonstrates that Schultz's wife (Scott's mother) told the insurance company that Scott was driving the car on the day in question, and that, when the police came to the scene of the accident, they told Diaz to go home "because he was an illegal immigrant." File History Report, 9/13/99. This statement is clearly contradicted by the police report, and the depositions of the police officer and Diaz, which indicated that Diaz is a U.S. citizen. Both Diaz and the police officer indicated that Diaz left the scene of the accident by ambulance due to his injuries. *See* Deposition of Officer Richard Bell, 1/11/02, at 7; Police Accident Report, 9/13/99; Deposition of Hector Diaz, 12/20/01, at 7, 20–23.

¶ 9 In addition, the record demonstrates that Diaz served the Complaint on Schultz on August 21, 2001. The insurance company forwarded the Complaint to its counsel on August 31, 2001. Schultz's Answer to the Complaint was due within 20 days of its service on him, or by September 10, 2001, although Rule 1026(a) is permissive. *See* Pa.R.C.P. 1026(a) (stating that every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading); *Peters Creek Sanitary Authority v. Welch*, 545 Pa. 309, 681 A.2d 167 (1996) (stating that Rule 1026 is not mandatory but permissive; late pleadings may be filed if the opposing party is not prejudiced and justice requires it). The statute of limitations in the instant case ran on September 13, 2001.

¶ 10 On September 4, 2001, counsel for the insurance company mailed the proposed Answer to Schultz, asking him to review it and to make any necessary corrections. Notably, counsel for the insurance company did not indicate to Schultz any sense of urgency in reviewing the Answer, although counsel surely knew that the 20 day response period was about to expire, as was the statute of limitations. Further, counsel for the insurance company must be imputed with the knowledge that Schultz was not the driver of the car, as indicated in the insurance company's file.

¶ 11 Schultz failed to file his Answer to the Complaint until September 20, 2001, after the twenty-day response period had elapsed, and after the statute of limitations had expired. In his Answer to the Complaint, Schultz revealed that Scott had been the driver of the car, and Diaz thus discovered, after the limitations period had run, that he had sued the wrong person. Diaz could not have discovered Scott's identity from the police report, because the police officer did not record the name of the "driver" on that report, due to the fact that the accident occurred when no driver was present in the vehicle.

¶ 12 These circumstances demonstrate that Schultz, through his insurance company, counsel, and Scott, actively misled Diaz as to the proper defendant until after the statute of limitations had run. Thus, the trial court erred and abused its discretion in failing to toll the statute of limitations and permit Diaz to amend his Complaint to substitute Scott as the correct defendant.

¶ 13 Schultz argues that there is no evidence here that Scott, the insurance company, or counsel for the insurance company actively concealed that Scott was the driver of the vehicle. Schultz cites *Ferraro v. McCarthy–Pascuzzo*, 777 A.2d 1128 (Pa.Super.2001), and *Hamilton v. Bechtel*, 441 Pa.Super. 390, 657 A.2d 980 (1995), in support of his argument. However, those cases are distinguishable because in both, the police accident reports properly identified the actual driver of the vehicle. *See Ferraro*, 777 A.2d at 1131; *Hamilton*, 657 A.2d at 982. Further, in *Hamilton*, the defendant filed an answer to the complaint three weeks before the statute of limitations expired, in which he indicated that another person was the owner and operator of the vehicle in question. *Id.*

¶ 14 The case of *Lange v. Burd*, 800 A.2d 336 (Pa.Super.2002), also cited by Schultz, is also distinguishable. In that case, the plaintiffs contended on appeal that two letters to them from the defendant's insurance company implied that the defendant/decedent was still alive, and that the insurance company's actions in this regard amounted to active concealment of the driver's identity. *Id.* at 339. This Court held that the plaintiffs' reliance on these letters to support their assumption that the decedent was alive "was not reasonable and does not constitute the type of

concealment to toll the statute of limitations." *Id.* at 340.

¶ 15 In the instant case, however, there was active concealment. Here, as we have indicated, counsel for Diaz asked the insurance company to provide him with information regarding the driver, but the insurance company, which obtained new information in that regard just two days later, failed to respond. In addition, Scott actively misled Schultz as to the seriousness of the accident by telling his mother that the police had told Diaz to leave the scene, when in fact, Diaz was unable to leave the scene due to the extent of his injuries. Further, it appears that counsel for the insurance company acted without urgency in filing his Answer within twenty days of the filing of the Complaint, thus raising a suspicion that his actions may have been inspired by a desire to allow the statute of limitations to expire and to preclude Diaz from obtaining recovery for his injuries.

¶ 16 We conclude that the trial court committed an error of law and abused its discretion by denying Diaz's Motion to substitute the name of the defendant. Consequently, the trial court also erred in granting Schultz's Motion for summary judgment. Because the trial court erred in this regard, we vacate the trial court's Order granting summary judgment, and remand for further proceedings in accordance with this Memorandum.

¶ 17 Because of our decision to vacate the trial court's Order granting summary judgment, we need not specifically consider Diaz's first issue on appeal.

¶ 18 Order vacated; case remanded for further proceedings in accordance with this Opinion; jurisdiction relinquished.