J. A15030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BETTIE MOORE, ALEXANDER MOORE, AND EDNA NORTHCUTT | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLANTS | : : : : : | : |
| v. | : : : : | |
| BRENDAN GILLIGAN | : : : | No. 2903 EDA 2015 |

Appeal from the Order August 17, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2013-8848

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 19, 2016**

Appellants, Bettie Moore, Alexander Moore, and Edna Northcutt, appeal from the August 17, 2015 Order entered in the Delaware County Court of Common Pleas granting the Motion for Summary Judgment filed by Appellee, Brendan Gilligan.  After careful review, we affirm.

The trial court recounted the facts and procedural history as follows:

> On September 17, 2011, Appellants Bettie Moore ("Moore") and Edna Northcutt ("Northcutt") were involved in a motor vehicle accident at the intersection of Springfield Road and Saxer Road, Springfield Township,

Delaware County, Pennsylvania.[1]  Appellants allege that they were struck from behind while stopped at a red light. Moore and Northcutt were transported from the scene of the accident to the hospital by ambulance.  The collision was witnessed and reported by Springfield Police.

Appellants filed their initial Complaint on September 9, 2013[, eight days before the expiration of the statute of limitations for filing a Complaint,] alleging negligence on the part of [Appellee] Brendan Gilligan as the operator of the striking vehicle.  Since the filing of the initial Complaint, Appellants have not amended the Complaint to add or substitute any additional parties as defendants nor have they sought leave to do so.  Appellants have not alleged negligent entrustment on the part of Appellee nor have they alleged any form of agency.

* * *

The parties exchanged interrogatories to which Appellee replied on January 7, 2014.  Appellee's verified answers stated that his niece Ashley Jest (hereinafter "Jest") was the driver involved in the incident and that he had no personal involvement in the incident.  At the time of the accident, Jest was seventeen years old, a minor, and was insured on Gilligan's policy.  The vehicle was registered in the name of her aunt, Appellee's wife, Debra Gilligan. Appellants failed to respond to Appellee's discovery requests.

On May 28, 2015, Appellee filed a Motion for Summary Judgment.  [On July 13, 2015, Appellants filed an Answer to Appellee's Motion for Summary Judgment and a Countermotion for Partial Summary Judgment on the question of the identity of the driver of the striking vehicle.] . . .  This [c]ourt determined that there were no genuine issues of material fact with regard to the identity of the driver of the striking vehicle and thus [on August 17, 2015,] entered summary judgment in favor of the

---

[1] Appellant Alexander Moore is Bettie Moore's husband.  He was not involved in the accident, but filed a loss of consortium claim against Appellee.

> Appellee/Defendant[, and denied Appellants' Countermotion for Partial Summary Judgment].

Trial Ct. Op., 12/10/15, at 2-4 (citations omitted).

On August 24, 2015, Appellants filed a Motion for Reconsideration of the trial court's Order granting Appellee's Motion for Summary Judgment, which the trial court denied. On September 15, 2015, Appellants timely appealed from the trial court's August 17, 2015 Order. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following four issues on appeal:

1. Did the trial court err in granting summary judgment to [Appellee] solely on the basis of the testimonial written statements of [Appellee] and the investigating police?

2. Should [Appellee's] [Motion for Summary Judgment] have been denied where the [M]otion was based solely upon the claim that [Appellee] was not operating the striking vehicle and where [Appellee] admitted to being the driver in the pleadings?

3. Should [Appellants] have been granted partial summary judgment in their favor on the issue of the identity of the driver of the striking vehicle where [Appellee] admitted to being the driver in his [A]nswer to the [C]omplaint?

4. Should [Appellants] have been permitted to amend their [C]omplaint to designate Ashley Jest as the operator of the vehicle that struck [Appellants], where the identity of this purported operator was actively concealed from [Appellants] and it was suggested that the vehicle was operated by [Appellee]?

J. A15030/16

Appellants' Brief at 3.[2]

     Appellants' first three issues on appeal challenge the trial court's decision to enter summary judgment in favor of Appellee. We review a grant of summary judgment under the following well-settled standards:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontraverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> On appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its

---

[2] We note at the outset that Appellants' Brief does not comply with the Rules of Appellate Procedure. Although Appellants presented five issues for this Court's review, Appellant's brief only contains one argument, in violation of Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part[ ] the particular point treated therein"). Despite this briefing deficiency, we decline to find Appellant's issues waived as they address each of their issues in their Brief.

discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

**Weible v. Allied Signal, Inc.**, 963 A.2d 521, 525 (Pa. Super. 2008) (citation and quotation omitted).

Appellants claim in their first issue that the trial court erred in granting summary judgment in favor of Appellee because Appellee supported his Motion only with his responses to Appellant's discovery requests and the police report of the accident. Appellant's Brief at 8. Relying on the **Nanty-Glo**[3] rule, Appellants argue that, even if uncontradicted, these documents cannot support the grant of summary relief. Appellants characterize Appellee's discovery answers and the police report upon which Appellee relied as "[un]trustworthy [in] nature, as they are mere self-serving declarations that have not been tested by adverse interrogation in the presence of a jury." **Id.** at 9. Appellants also claim that, pursuant to 75 Pa.C.S. § 3751, the police report is inadmissible for any purpose. **Id.** We conclude this issue is waived.

Our review of Appellants' Answer to Appellee's Motion for Summary Judgment reveals that Appellants failed to timely raise this issue. **See**

---

[3] **Nanty-Glo v. American Surety Co.**, 163 A. 523 (Pa. 1932). The **Nanty-Glo** rule generally requires the party moving for summary judgment to present more than testimonial affidavits or depositions to establish the absence of a genuine issue of material fact, because such items necessitate credibility determinations by a jury. **Krentz v. Consolidated Rail Corp.**, 910 A.2d 20, 36-37 (Pa. 2006).

[Appellants'] Ans. to [Appellee's] Mot. for Summ. J., 7/13/15. It appears that Appellants raised this issue for the first time in their August 24, 2015 Motion for Reconsideration. **See** Mot. for Recons., 8/24/15, at ¶ 16. This Court has held, "a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal." **Devine v. Hutt**, 863 A.2d 1160, 1169 (Pa. Super. 2004); **see also Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 391 (Pa. Super. 2011) (holding issues raised in a motion for reconsideration filed after entry of summary judgment are "beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal"). This includes the failure to raise a **Nanty-Glo** issue. **Lineberger v. Wyeth**, 894 A.2d 141, 149 (Pa. Super. 2006). Accordingly, Appellants are not entitled to relief.

Appellants' second and third issues are interrelated, so we address them together. In these issues, Appellants claim the trial court erred in granting summary judgment in Appellee's favor because Appellee failed to deny the allegations in the Complaint with requisite specificity, and, therefore, admitted that he was the driver of the striking vehicle. Appellants' Brief at 11-13. Appellants aver that the trial court, therefore, should have granted partial summary judgment in their favor as to the identity of the driver of the striking vehicle. **Id.** at 13.

"[T]he interpretation and application of the Pennsylvania Rules of Civil Procedure presents a question of law." **Barrick v. Holy Spirit Hosp. of the**

***Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011) (citation

omitted). Therefore, "our standard of review is *de novo*, and our scope of

review is plenary." ***Id.***

Pa.R.C.P. 1029 governs denials in pleadings, and the effect of the

failure to deny allegations. ***See*** Pa.R.C.P. 1029. Rule 1029 provides, in

relevant part, as follows:

> (c) A statement by a party that after reasonable
> investigation the party is without knowledge or information
> sufficient to form a belief as to the truth of an averment
> shall have the effect of a denial.
>
> > *Note:* Reliance on subdivision (c) does not excuse a
> > failure to admit or deny a factual allegation when it
> > is clear that the pleader must know whether a
> > particular allegation is true or false. See ***Cercone v.
> > Cercone****,* 254 Pa.Super. 381, 386 A.2d 1 (1978).
>
> \* \* \*
>
> (e) In an action seeking monetary relief for bodily injury,
> death or property damage, averments in a pleading to
> which a responsive pleading is required may be denied
> generally except the following averments of fact which
> must be denied specifically:
>
> > (1) averments relating to the identity of the person
> > by whom a material act was committed, the agency
> > or employment of such person and the ownership,
> > possession or control of the property or
> > instrumentality involved;
> >
> > (2) if a pleading seeks additional relief, averments in
> > support of such other relief; and
> >
> > (3) averments in preliminary objections.
> >
> > > *Note:* Subdivision (e) applies only to those
> > > actions for which damages for delay may be

> awarded pursuant to Rule of Civil Procedure 238.

Pa.R.C.P. 1029(c), (e).

In Paragraph 4 of Appellants' Complaint, Appellants alleged that Appellee "was the operator of a motor vehicle also travelling on Springfield Road in the same direction as [Appellants] were riding, in such a careless, reckless and negligent manner as to cause a collision with the rear of [Appellants'] vehicle causing property damage and severe personal injuries to [Appellants]. Complaint, 7/9/13, at ¶ 4.

Appellee denied the averment in Paragraph 4 by stating:

> DENIED. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the corresponding paragraph of Plaintiff's Complaint. Said averments are therefore denied. By way of further answer, it is specifically denied that answering Defendant was in any way negligent, reckless or careless. To the contrary, answering Defendant acted reasonably and with care. Strict proof thereof is demanded.

[Appellee's] Answer to Complaint and New Matter, 10/24/13. At ¶ 4.

Appellants appear to argue that Paragraph 4 of their Complaint served the sole purpose of identifying Appellee as the driver of the striking vehicle, and, therefore, Appellee was required to deny this averment specifically pursuant to Pa.R.C.P. 1029(e). Our review of the pleadings, however, reveals that Paragraph 4 of the Complaint is more in the nature of an allegation of the driver's negligence than a statement of identity of the

driver. Accordingly, Appellee properly answered Paragraph 4 of Appellants' Complaint pursuant to Pa.R.C.P. 1029(c).

The note following Pa.R.C.P. 1029(c) provides an exception to the Rule, which would prevent Appellee from claiming lack of sufficient knowledge about his involvement in the accident had he been the driver. Since he was completely uninvolved in the accident, the exception does not apply. **See Cercone v. Cercone**, **supra**.

We conclude that Appellee sufficiently denied the averment set forth in Paragraph 4 of Appellants' Complaint, and the exception in the note to Pa.R.C.P. 1029(c) does not act to render Appellee's denial insufficient. Accordingly, the trial court did not err in granting Appellee's Motion for Summary Judgment[4] and denying Appellants' Countermotion for Partial Summary Judgment.

In their last issue, Appellants fault the trial court for not permitting them to amend their Complaint to name Ashley Jest as a defendant.[5] They

---

[4] Moreover, we note that summary judgment is granted on pleadings, answers to interrogatories, depositions, and affidavits. The evidence presented at the summary judgment hearing demonstrated that Appellants knew at the time they filed their Complaint that Appellee was not the driver of the striking vehicle when the accident occurred.

[5] It bears noting that Appellants never filed a Petition to Amend the Complaint pursuant to Pa.R.C.P. 1033, with an Amended Complaint annexed thereto. Rather, Appellants requested in their Motion for Reconsideration of the Order granting summary judgment in favor of Appellee that Appellants be given leave to amend their Complaint to add the name Ashley Jest as a prospective defendant driver. **See** Mot. for Recons., 8/24/15, at 4.

aver that Appellee misled them by actively concealing the true identity of the driver of the striking vehicle. Appellant's Brief at 14-15, 17.

Pa.R.C.P. 1033 controls the amendment of pleadings. It permits a party, by leave of court or with consent of the adverse party, to correct the name of a party. Pa.R.C.P. 1033.

When reviewing a trial court's decision to permit or deny a party leave to amend a complaint, we grant the trial court broad discretion. *Diaz v. Schultz*, 841 A.2d 546, 549 (Pa. Super. 2004). "We will not disturb the sound discretion of the trial court absent an abuse of discretion." *Id.*

Generally, a plaintiff may not amend a complaint to add a new party after the expiration of the statute of limitations. *Zercher v. Coca-Cola USA*, 651 A.2d 1133, 1134 (Pa. Super. 1994). However, if the defendant actively conceals the identity of the correct party from the plaintiff until after the statute of limitations has run, the statute of limitations will be tolled to permit amendment. *Diaz*, 841 A.2d at 549 (citing *Lafferty v. The Alan Wexler Agency, Inc.*, 574 A.2d 671, 674 (Pa. Super. 1990).

In support of their argument that Appellee actively concealed Ashley Jest's identity as the driver of the striking vehicle, and that they should be permitted to add her as a defendant, Appellants rely on *DeRugeriis v. Brener*, 348 A.2d 139 (Pa. Super. 1975) (concluding the defendant actively concealed the identity of the driver of the striking vehicle where: (1) the defendant and the actual driver were both in the vehicle at the time of the

accident; (2) the defendant and the actual driver had the same last name and were both male; (3) the parties engaged in ongoing communication after the accident; and (4) a police report of the accident did not exist.). *Id.* at 140.

In the instant matter, Appellee was not in the vehicle at the time of the accident; Springfield police noted Ashley Jest's identity as the driver of the striking vehicle in its police report; Appellee and Ashley Jest have different surnames and are different genders; no communication took place between the parties following the accident; and Springfield police prepared a an accident report immediately following the accident. Because the facts of *DeRugeriis* are distinguishable from those in the instant matter, we find *DeRugeriis* unpersuasive.

Moreover, our review of the record reveals that Appellee provided Appellants with Ashley Jest's identity as the driver of the striking vehicle as early as four months after Appellants filed their Complaint. On January 17, 2014, Appellee responded to Appellants' Interrogatories and Request for Production of Documents. In Appellee's response, he identified Ashley Jest as the driver of the car that hit Appellants, and provided Appellants with a copy of the accident report prepared by the Springfield police officers who

responded to the accident and identified Ashley Jest as the driver.[6]  **See** Appellee's Answers to Interrogs. and Req. for Produc. Of Docs., 1/17/14.

For the foregoing reasons, we agree with the trial court that Appellee did not conceal the driver's identity from Appellants.  **See** Trial Ct. Op. at 10, 12-13.

Because Appellee did not conceal Ashley Jest's identity as the driver of the striking vehicle, Appellants' claim that the trial court erred in not permitting them to amend their complaint to add Ashley Jest as a party is wholly devoid of merit.  As the trial court opined,

> Appellants delayed in bringing their claim only eight days before the expiration of the statute of limitations.  They further delayed in not seeking a timely amendment to include the proper defendant despite receiving Appellee's response to interrogatories nineteen months prior to this [c]ourt's Summary Judgment Order.  Appellants have also failed to return the favor and provide any response to Appellee's discovery requests.  Furthermore, the identity of the correct defendant has been readily available to Appellants since the date of the accident in the form of the Springfield Police Report.  It has now been over four years since the accident took place, more than two years beyond the statute of limitations.

Trial Ct. Op. at 14.

---

[6] Appellee also submitted the affidavit of Ashley Jest in response to Appellants' Motion for Reconsideration, in which Jest attested that she was operating the vehicle that was involved in the September 17, 2011 accident. She further attested that, immediately following the accident, she spoke face to face with the female passengers of the vehicle she struck for approximately fifteen minutes.  **See** Appellee's Resp. to Mot. for Recons. of Order for Summ. J., 9/2/15.

The trial court did not abuse its discretion in denying Appellants' belated request to amend the Complaint.

In light of the foregoing, we conclude that the trial court properly granted summary judgment in favor of Appellee.

Order affirmed. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2016